UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20CR639 RLW |
| | ) | |
| JAMES BIBBY, | ) | |
| | ) | |
| Defendant. | ) | |

## **GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

1. **PARTIES**:

The parties are the defendant James Bibby, represented by defense counsel Diane Dragan, and the United States of America (hereinafter "government"), represented by the Office of the United States Attorney for the Eastern District of Missouri.  This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri.  The Court is neither a party to nor bound by this agreement. However, if the Court accepts the plea agreement as to the sentence or sentencing range, then the Court will be bound by said agreement pursuant to Rule 11(c)(1)(C).

2. **GUILTY PLEA**:

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), in exchange for the defendant's voluntary plea of guilty to Count 2 of the Indictment, the government agrees that no further federal prosecution will be brought in this District relative to the defendant's being a felon in possession of a firearm on September 9, 2020, of which the government is aware at this time.

In addition, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, the parties agree that the defendant's sentence should be 96 months.

If the Court informs the parties prior to sentencing that it will reject this agreement or sentences defendant to a sentence not in conformity with this agreement, then either party may withdraw from the plea agreement and the defendant will have an opportunity to withdraw his guilty plea pursuant to Rule 11(c)(5).  The parties further agree that neither party shall request a sentence above or below the sentencing agreement in this paragraph pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein.

3.      **ELEMENTS**:

As to Count 2, the defendant admits to knowingly violating Title 18, United States Code, Section 922(g), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:   (1) prior to September 9, 2020, the defendant was convicted of a crime punishable by imprisonment of more than one year; (2) the defendant knew he had been convicted of the crime; (3) on September 9, 2020, the defendant possessed a firearm; and (4) the firearm traveled in interstate commerce prior to the defendant's possession of it.

4.      **FACTS**:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial.  These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On March 16, 2017, the defendant was convicted of assault 2nd degree and armed criminal action in St. Louis County, Missouri.  The defendant was sentenced to a term of seven years

imprisonment on the assault charge and a term of three years imprisonment on the armed criminal action charge. The defendant knew that he had been convicted of a crime punishable by more than a year in prison.

On September 9, 2020, the defendant was a passenger in a car that struck the back of a box truck, causing severe damage to the car. When police officers arrived at the scene, they found the defendant unconscious in the back seat. There were three firearms located inside the car. The defendant possessed an American Tactical Make, Omni Hybrid Model, .300 Blackout caliber, Semi-automatic firearm. At trial, the government would present expert testimony that the firearm was manufactured outside the State of Missouri and, therefore, traveled in interstate commerce prior to the defendant's possession of it.

5.    **STATUTORY PENALTIES**:

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 10 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than three years.

6.    **U. S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. To assist the Court in determining the impact of the plea agreement, the parties submit the following U.S. Sentencing Guidelines analysis:

a.    **Chapter 2 Offense Conduct**:

3

(1)  **Base Offense Level**:  The parties agree that the base offense level is 22, as found in Section 2K2.1 because (A) the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine; and (B) the defendant committed the instant offense subsequent to sustaining one felony conviction of a crime of violence.

(2)  **Specific Offense Characteristics**:  The parties agree that the following Specific Offense Characteristics apply:   none.

b.      **Chapter 3 Adjustments**:

(1) **Acceptance of Responsibility**:  The parties recommend that 3 levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility,

(2)  **Other Adjustments**:   The parties agree that the following additional adjustments apply:   none.

d.      **Estimated Total Offense Level**:  The parties estimate that the Total Offense Level is 19.

e.      **Criminal History**:   The determination of the defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is available in the Pretrial Services Report.

f.      **Effect of Parties' U.S. Sentencing Guidelines Analysis**:  The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any

4

Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.  But, if the Court accepts the plea agreement in this case, it is bound by the sentencing agreement in paragraph 2 above.

7.    **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**:

a.    **Appeal**:   The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(1)   **Non-Sentencing Issues**:   The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

(2) **Sentencing Issues**:  In the event the Court accepts the plea and, in sentencing the defendant follows the sentencing agreement in paragraph 2, then, as part of this agreement, the parties hereby waive all rights to appeal all sentencing issues.

b.    **Habeas Corpus**: The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

c.    **Right to Records**: The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought

5

under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8.    **OTHER:**

  a. **Disclosures Required by the United States Probation Office**: The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

  b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies**: Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

  c. **Supervised Release**: Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.   These conditions will be restrictions on the defendant to which the defendant will be required to adhere.  Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.  The defendant understands that parole has been abolished.

  d. **Mandatory Special Assessment**: Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing.  Money paid by

6

the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

      e.    **Possibility of Detention:**  The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

      f.    **Fines, Restitution and Costs of Incarceration and Supervision**:  The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision.  The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.  Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

      g.    **Forfeiture**:  The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States.  The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

9.    **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS**:

    In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress evidence; the right at such trial to a presumption of innocence; the right to require the

government to prove the entire case against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses.  The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.  The defendant's counsel has explained these rights and the consequences of the waiver of these rights.  The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel.  The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel.  Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

10.    **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT**:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case.  In addition, the defendant states that no person has, directly or indirectly, threatened or

coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges that the defendant has voluntarily entered into both the plea agreement and the guilty plea.  The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11.     **CONSEQUENCES OF POST-PLEA MISCONDUCT**:

After pleading guilty and before sentencing, if defendant commits any crimes, violates any conditions of release, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States will be released from its obligations under this agreement.  The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

9

12. **NO RIGHT TO WITHDRAW GUILTY PLEA**:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring or as set forth in Paragraph 2 above.

8-25-21
_____
Date

_____
JEANNETTE S. GRAVISS
Assistant United States Attorney

8-25-21
_____
Date

_____
JAMES BIBBY
Defendant

8/25/21
_____
Date

_____
DIANE DRAGAN
Attorney for Defendant

10